Filed 10/22/20  In re McLeod CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re KENNETH RICHARD McLEOD, On Habeas Corpus. | C091068 (Super. Ct. No. STKCRFMISC20190008956) |

Petitioner Kenneth Richard McLeod contests regulations promulgated by the California Department of Corrections and Rehabilitation (Department) excluding him from early parole consideration for inmates convicted of a nonviolent offense as adopted by the voters through Proposition 57 in 2016.  The People contend Proposition 57 authorized the Department to exclude petitioner because his current conviction requires him to register as a sex offender.  We reject the People's arguments and agree with petitioner.

BACKGROUND

A

*Proposition 57And Early Parole Consideration*

In November 2016 California voters passed Proposition 57, The Public Safety and Rehabilitation Act of 2016. The initiative added section 32 to article I of the California Constitution[1] which, among other things, provides for early parole consideration for inmates serving prison sentences for nonviolent offenses. The added section (Amendment) reads in part: "(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law: [¶] (1) Parole Consideration: Any person convicted of a **nonviolent felony** offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense. [¶] (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence. [¶] . . . [¶] (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety."

Section 2 of Proposition 57 states the voters' purposes, as relevant here, in approving the measure: "1. Protect and enhance public safety. [¶] 2. Save money by reducing wasteful spending on prisons. [¶] 3. Prevent federal courts from indiscriminately releasing prisoners. [¶] 4. Stop the revolving door of crime by

---

[1] Unspecified references to an article are to the California Constitution.

emphasizing rehabilitation, especially for juveniles." (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of proposed law, § 2, p. 141.)

The Department adopted emergency regulations to implement the Amendment. (See Cal. Code Regs.**2** tit. 15, former §§ 3490, 3491, Register 2017, No. 15 (Apr. 13, 2017).) As relevant here, the regulations defined a "nonviolent offender" as an inmate who is *not* (1) condemned, incarcerated for a term of life without the possibility of parole, or incarcerated for a term of life with the possibility of parole; (2) serving a term of incarceration for a violent felony within the meaning of Penal Code section 667.5, subdivision (c); or (3) "[c]onvicted of a sexual offense that requires registration as a sex offender under Penal Code section 290." (Tit. 15, former §§ 3490, subds. (a) & (c), 2449.1, subds. (a) & (c), Register 2017, No. 15 (Apr. 13, 2017).)

As required by the Amendment, the Secretary of the Department (Secretary) certified that the regulations as adopted "protect and enhance public safety for all Californians." In an initial statement of reasons accompanying the regulations, the Department provided its justification for excluding sex offenders from the nonviolent parole consideration process: "[T]he crimes listed in [Pen. Code, § 290] reflect the determination of the people of the State of California (through initiatives and the legislature) that, 'Sex offenders pose a potentially high risk of committing further sex offenses after release from incarceration or commitment, and the protection of the public from reoffending by these offenders is a paramount public interest.' " (Cal. Dept. of Corrections, Initial Statement of Reasons NCR 17-05, July 14, 2017, p. 15.)

On May 1, 2018, the Department adopted, in final form, what it had previously considered interim regulations on Proposition 57. The adopted regulations defined a "determinately-sentenced nonviolent offender" as an inmate who is *not***: (1) condemned

---

**2** Further undesignated regulation references are to title 15 of the California Code of Regulations (title 15).

3

to death, (2) currently incarcerated for a term of life without the possibility of parole, (3) currently incarcerated for a term of life with the possibility of parole for a "violent felony,"[3] (4) currently serving a determinate term prior to beginning a term of life with the possibility of parole for an in-prison offense that is a "violent felony," (5) currently serving a term of incarceration for a "violent felony," or (6) currently serving a term of incarceration for a nonviolent felony offense after completing a concurrent determinate term for a "violent felony." (Tit. 15, former § 3490, subd. (a), Register 2018, No. 18 (May 1, 2018).)

As relevant here, the regulations stated a nonviolent offender as defined in former title 15, section 3490, subdivision (a) shall be eligible for early parole consideration as provided for by the Amendment except, *inter alia,* inmates who are "convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in sections 290 through 290.024 of the Penal Code." (Tit. 15, former § 3491, subds. (a), (b)(3).) The Secretary, in his final statement of reasons, reiterated the reasons stated in the initial statement of reasons for excluding inmates who must register as sex offenders from early parole consideration. (Cal. Dept. of Corrections, Credit Earning and Parole Consideration Final Statement of Reasons, April 30, 2018, p. 20.) The Secretary also listed multiple crimes not considered serious or violent felonies but that "demonstrate a sufficient degree of violence and represent an unreasonable risk to public safety to require that sex offenders be excluded from nonviolent parole consideration." (*Ibid.*)

---

**3** Title 15, section 3490, subdivision (c) defined a "violent felony" as "a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code."

4

# B

## *Habeas Corpus Proceedings*

In November 2018 petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court challenging his exclusion from consideration for parole under Proposition 57. Petitioner is currently serving a determinate term of 15 years four months in state prison: seven years for manufacturing a controlled substance, eight months on each of three counts for committing a lewd act on a 14- or 15-year-old person by a person at least 10 years older, one year on each of four counts for meeting a minor for a lewd purpose, and eight months on each of two counts for sexual penetration of a person under 16 years old by a person at least 10 years older.

Petitioner's seven-year term for his primary offense began to run on December 1, 2014, the date from which he was incarcerated for his offense. The Department, however, excluded petitioner from early parole consideration due to his previous conviction for a registerable sex offense.

In January 2019, the superior court denied petitioner's petition for failing to exhaust his administrative remedies. He then filed an original petition for writ of habeas corpus in propria persona in this court, alleging the superior court wrongly denied his petition based on the failure to exhaust his administrative remedies. We ordered the People to respond, and in June 2019, the People conceded the superior court erred.

On July 2, 2019, we issued an order to show cause returnable in the superior court. And on September 3, 2019, the People filed a return in the superior court. The People argued the Department had authority to exclude those required to register as sex offenders, including petitioner here, from section 32 parole consideration. Petitioner responded that he was eligible for section 32 parole consideration pursuant to the plain meaning of the text in section 32. The superior court agreed with the People's argument and denied petitioner relief.

On May 15, 2019, the Second Appellate District, Division Five decided *In re Gadlin* (2019) 31 Cal.App.5th 784, review granted May 15, 2019, S254599 (*Gadlin*), which held the Department's regulations are invalid insofar as they bar early parole consideration for an inmate who is subject to registration under section 290 for a prior crime for which the inmate has already fully served his or her sentence.

In December 2019 this court decided *In re Schuster* (2019) 42 Cal.App.5th 943, review granted February 19, 2020, S260024 (*Schuster*). In *Schuster* we agreed with *Gadlin* "that the focus of the Amendment for early parole consideration is on the inmate's current conviction, not on any prior convictions." (*Schuster*, at p. 955.)

Most recently, in February 2020, we decided *Alliance for Constitutional Sex Offense Laws v. Department of Corrections & Rehabilitation* (2020) 45 Cal.App.5th 225, review granted May 27, 2020, S261362 (*Alliance*), which concluded Proposition 57 did not permit the Department to exclude inmates convicted of a current nonviolent sex offense from early parole consideration.

## DISCUSSION

The People still contend article I, section 32, authorizes the Department to promulgate regulations excluding from early parole consideration inmates whose current conviction is for sex offenses requiring sex offender registration. Having recently rejected this argument in *Alliance*, we reject it again.

### I

#### *Standard Of Review*

*Gadlin* set forth the scope of our review of an agency's regulations: " ' "In order for a regulation to be valid, it must be (1) consistent with and not in conflict with the enabling statute and (2) reasonably necessary to effectuate the purpose of the statute. [Citation.]" [Citations.] Therefore, "the rulemaking authority of the agency is circumscribed by the substantive provisions of the law governing the agency." [Citation.] " 'The task of the reviewing court in such a case is to decide whether the [agency]

6

reasonably interpreted [its] legislative mandate. . . . Such a limited scope of review constitutes no judicial interference with the administrative discretion in that aspect of the rulemaking function which requires a high degree of technical skill and expertise. . . . [T]here is no agency discretion to promulgate a regulation which is inconsistent with the governing statute. . . . Whatever the force of administrative construction . . . final responsibility for the interpretation of the law rests with the courts. . . . Administrative regulations that alter or amend the statute or enlarge or impair its scope are void. . . .' [Citation.]" [Citation.]' [Citation.]" (*Gadlin*, *supra*, 31 Cal.App.5th at pp. 788-789, review granted May 15, 2019, S254599.)

" 'When construing constitutional provisions and statutes, including those enacted through voter initiative, "[o]ur primary concern is giving effect to the intended purpose of the provisions at issue. [Citation.] In doing so, we first analyze provisions' text in their relevant context, which is typically the best and most reliable indicator of purpose. [Citations.] We start by ascribing to words their ordinary meaning, while taking account of related provisions and the structure of the relevant statutory and constitutional scheme. [Citations.] If the provisions' intended purpose nonetheless remains opaque, we may consider extrinsic sources, such as an initiative's ballot materials. [Citation.] Moreover, when construing initiatives, we generally presume electors are aware of existing law. [Citation.] Finally, we apply independent judgment when construing constitutional and statutory provisions. [Citation.]" [Citation.]' [Citation.]" (*Gadlin*, *supra*, 31 Cal.App.5th at p. 789, review granted May 15, 2019, S254599.)

II

*Gadlin, Schuster, And Alliance*

Article I, section 32, subdivision (a)(1) provides: "*Any person* convicted of *a nonviolent felony offense* and sentenced to state prison *shall* be eligible for parole consideration after completing the full term for his or her primary offense." (Italics added.) The court in *Gadlin* observed: "The reference to 'convicted' and 'sentenced,' in

7

conjunction with present eligibility for parole once a full term is completed, make clear that early parole eligibility must be assessed based on the conviction for which an inmate is now serving a state prison sentence (the current offense), rather than prior criminal history." (*Gadlin*, *supra*, 31 Cal.App.5th at p. 789, review granted May 15, 2019, S254599.)  The court acknowledged the Department's argument that sex offenses involve a sufficient degree of violence and that registerable inmates present an unreasonable risk to public safety.  (*Ibid.*)  But the court noted those policy considerations do not trump the plain language of article I, section 32, subdivision (a)(1).  (*Gadlin*, at p. 789.)  Thus, the court concluded the plain language of article I, section 32, subdivision (a)(1) precluded the Department from excluding the petitioner from early parole consideration based on his *prior* sex offense.  (*Gadlin*, at pp. 789, 790.)

In *Schuster*, we agreed with the analysis in *Gadlin*.  (*In re Schuster*, *supra*, 42 Cal.App.5th at p. 955, review granted February 19, 2020, S260024.)  We observed, "The Amendment makes no mention of prior convictions or an inmate's status as a section 290 sex registrant."  (*Schuster*, at p. 955.)  We concluded, "To the extent that Title 15, section 3491, subdivision (b)(3) is applied to bar inmates with prior sex offenses requiring registration from early parole consideration, it conflicts with the Amendment and is invalid."  (*Schuster*, at p. 955.)

In *Alliance*, we struck down the Department's regulations to the extent they excluded from early parole consideration inmates *currently* convicted of sex offenses. We concluded the plain language of the Amendment, when read as a whole, "unequivocally demonstrates the voters' intent to provide early parole consideration for *all* inmates convicted of a nonviolent offense -- as opposed to only those inmates the Department believes are sufficiently unlikely to reoffend."  (*Alliance*, *supra*, 45 Cal.App.5th at p. 234, review granted May 27, 2020, S261362.)

# III

## *Analysis*

The People's brief ignores *Gadlin*, *Schuster*, and *Alliance*[4] and simply proceeds with the following argument: (1) article I, section 32, subdivision (a)(1) has an "undefined scope" because it does not define "convicted" or "nonviolent felony offense," (2) article I, section 32, subdivision (b) authorizes the Department to "fill up the details" and gaps within the scheme, including determining which inmates qualify for nonviolent parole consideration, and to exclude classes of inmates that would present a public safety risk, and (3) Proposition 57's ballot materials clearly indicate that registered sex offenders would be excluded from early parole consideration.

We agree with the People that the text of article I, section 32, subdivision (a)(1) does not define "convicted" or "nonviolent felony offense." We also agree that article I, section 32, subdivision (b) authorizes the Department to promulgate regulations "in furtherance" of the provisions of the Amendment. However, as *Gadlin* recognized, " ' "[T]here is no agency discretion to promulgate a regulation which is inconsistent with the governing statute. . . ." ' " (*Gadlin*, *supra*, 31 Cal.App.5th at p. 789, review granted May 15, 2019, S254599.) Therefore, while the Department is entitled to some latitude in its regulations, the Department is not entitled to contradict the plain language of the Amendment by excluding inmates *it acknowledges are eligible for early parole consideration under article I, section 32, subdivision (a)(1).* That subdivision unequivocally states that *any* person convicted of a nonviolent felony offense and sentenced to state prison *shall* be eligible for parole consideration after completing the full term for his or her primary offense. The Department's regulation is doing more than "filling up the details"; it is contradicting the Amendment.

---

[4]   In the admissions and allegations portion of the return, the People belatedly acknowledge *Alliance*, but only to say that this court is not bound by that decision.

9

We disagree with the People that article I, section 32, subdivision (b)'s requirement that the Secretary must "certify that these regulations protect and enhance public safety" authorizes the Department to promulgate regulations excluding classes of inmates otherwise eligible for early parole consideration. As we have stated: "Nothing in the language of section 32, subdivision (a) suggests that it is limited by the provisions of section 32, subdivision (b). Indeed, subdivision (a) is prefaced with the following: 'The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, *notwithstanding anything in this article* or any other provision of law.' (Italics added.) The language in subdivision (b) confirms that point: '[The Department] shall adopt regulations *in furtherance of* these provisions . . . .' (Italics added.) Subdivision (b), contrary to the Department's contention, does not permit the Department to promulgate regulations *limiting* the express requirements of subdivision (a)(1). Rather, it requires that the Department promulgate regulations to *advance* the express requirements of subdivision (a)(1), which does not limit the categories of inmates eligible for early parole consideration based on their likelihood of recidivism." (*Alliance*, *supra*, 45 Cal.App.5th at p. 235, review granted May 27, 2020, S261362.)

By ascribing to the words in article I, section 32, subdivision (a)(1) their ordinary meaning, and taking into account the structure of the constitutional scheme, we conclude the voters intended to extend early parole consideration, as the Amendment *expressly* states, to *any* inmate convicted of a nonviolent felony offense and sentenced to state prison upon completing the full term of his or her primary offense. The Department's application of title 15, section 3491, subdivision (b)(3) to exclude petitioner and all similarly situated inmates from early parole consideration runs afoul of article I, section 32, subdivision (a)(1). (*Gadlin*, *supra*, 31 Cal.App.5th at p. 790, review granted May 15, 2019, S254599.) Under the plain language of the statute, petitioner is entitled to early parole consideration.

DISPOSITION

Subdivision (b)(3) of section 3491 of title 15 of the California Code of Regulations is invalidated. The Department of Corrections and Rehabilitation is further directed to proceed, within 60 days of issuance of the remittitur, with an eligibility review determination under subdivision (e) of section 3491, subdivision (e) of title 15 of the California Code of Regulations as if petitioner had been found to be eligible for parole consideration by the Board of Parole Hearings under subdivisions (a) and (b) of section 3491 of title 15 of the California Code of Regulations.

/s/
Robie, J.

We concur:

/s/
Raye, P. J.

/s/
Hull, J.

11